UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DERIN K. MUELLER, § | | |
| TDCJ #02028575, § | | |
| § | | |
| Petitioner, § | | |
| VS. § | CIVIL ACTION NO. 3:17-CV-381 | |
| § | | |
| LORIE DAVIS, § | | |
| § | | |
| Respondent. § | | |

### MEMORANDUM OPINION AND ORDER
### DISMISSING PETITION WITHOUT PREJUDICE

Derin K. Mueller has filed a petition (Dkt. 1) for a federal writ of habeas corpus challenging his state court conviction for indecency with a child. On January 2, 2018, the Court ordered Petitioner to show cause why his petition should not be dismissed for failure to exhaust state court remedies (Dkt. 5). Petitioner has filed a response (Dkt. 6). After review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and having considered the pleadings and filings, the applicable law, and all matters of record, the Court will dismiss the petition without prejudice for the reasons explained below.

### I.     BACKGROUND

Mueller was convicted of indecency with a child in Brazoria County cause numbers 66218, 66218-A, and 73524, and was sentenced to eight years imprisonment on August 3, 2015. He currently is incarcerated at the Telford Unit in New Boston, Texas. In his petition (Dkt. 1) dated December 14, 2017, Mueller seeks a federal writ of habeas

corpus to challenge his conviction and sentence. He brings claims that his guilty plea was unconstitutional; that the prosecution withheld evidence; that his due process rights were violated by an impermissibly suggestive line-up; and that his attorney rendered ineffective assistance of counsel.

Mueller states in his petition that he did not appeal his conviction and has not filed an application for state habeas relief (*id*. at 3-4). In response to the Court's order to show cause why the petition should not be dismissed for failure to exhaust state court remedies, he filed a response (Dkt. 6) stating that he thought there was a time limit for filing appeals and that his attorneys did not explain the process to him. Mueller concedes that he has not presented his claim Texas Court of Criminal Appeals ("TCCA").

A search of public court records confirms that Mueller has filed neither an appeal nor a state habeas application. Because the TCCA has not addressed the issues that he now attempts to present in federal court, the pending federal petition must be dismissed for reasons that follow.

## II. EXHAUSTION OF REMEDIES

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an

initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citation, quotation marks, and alteration omitted). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Conner v. Quarterman*, 477 F.3d 287, 291-92 (5th Cir. 2007) (internal quotation marks and citation omitted). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The pleadings in this case plainly show that the TCCA has not yet had an opportunity to address the issues raised in the pending federal petition. Because this state process remains available, Mueller does not satisfy any statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the TCCA has addressed the petitioner's claims. The pending federal habeas petition must be dismissed as premature for lack of exhaustion.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show

not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED without prejudice** for failure to exhaust all available remedies to the state's highest court of criminal jurisdiction, as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 24th day of April, 2018.

                                          _____
                                          George C. Hanks Jr.
                                          United States District Judge